Yes, if we could ask the clerk to call the case, please. Of course. 3-25-0-1-0-0 Tavion Anderson Ampley v. Greif Packaging, LLC Appellant. Good morning. We apologize for the delay. The last argument went a little long and then we had some technical difficulties, but here we all are. Mr. Smith, if you're ready, you may proceed. Thank you, Your Honor. Good morning, and may it please the court. My name is Andrew Smith. I represent the Appellant, Greif Packaging, LLC. I would first point out that this is a case of statutory interpretation of Rule 219E. As such, the standard of review before this court is de novo. It's not an abuse of process standard, as the plaintiff has argued in his papers. The court below, the trial court, Judge Braun, did not exercise any discretion in its ruling regarding 219E. I would point out also that every court in this state which has addressed the scope of 219E has determined that the rule itself is ambiguous and that a de novo review is appropriate. What this court must determine is whether— I'm sorry, counsel, did you just say every court has found that Rule 219 is ambiguous? Every court that has reviewed this has determined that the language itself of 219E is ambiguous and has therefore looked at the committee comments interpreting that rule. Yes, Your Honor. Thank you. So, Mr. Smith, you don't believe that the trial court had the discretional authority to award or not award Rule 219E expenses? I believe the court had the authority to award those expenses, Your Honor, but the court below determined that, in its words, it was without a vehicle, meaning no direction from this court, that allowed it to do so. And you understand that under 219E, the court may, in fact, make findings but does not have to, like it doesn't see? I do understand that, Your Honor. Go ahead. Yes. I would point out also that 219E is not limited to discovery misconduct. The very purpose of 219E is to alter the consequence of taking a voluntary dismissal. That's what the Morrison Court said. The Scattered Court, the first district court of appeals, said that 219 is designed to curtail the use of voluntary dismissal as a dilatory tactic. And it also said that the purpose of 219E is to underscore the concept that a voluntary dismissal should not be used to undermine the integrity of the judicial system. In this case, it's a perfect example of why every appellate court which has considered 219E has found that its purpose is broader than simply to address discovery misconduct. In this particular case, Greif contends that the plaintiff should not be able to use a voluntary dismissal as a shield to allow him to refile his case after adverse rulings barring evidence, after admitting in open court that those rulings, quote-unquote, scotch his case, and to be able to do so without consequences. Mr. Schultz, wouldn't it be fair to say — Oh, sorry. Go ahead, Judge Anderson. I'm sorry. No, please. Wouldn't it be fair to say, if — I believe you used the term devastated his theory of the case — wouldn't it be fair to say that if pre-trial motion in limine rulings harm a lawyer's case, harm a litigant's case, isn't it almost that lawyer and that client's obligation to consider whether they can still make a good faith claim? I mean, if you have a claim that is no longer viable, isn't it your obligation to consider not going forward on it? And it would be a Rule 137 violation, arguably, to proceed on a claim that's not viable. You can make that consideration, Your Honor. Yes, I think every litigant has to make that consideration. But in the circumstances that were attended to this case, five years of litigation, as Judge Braun pointed out below, a scorched-earth approach to litigation, putting the plaintiff and defendant through considerable time, cost, and expense to voluntarily dismiss the case after adverse rulings on motions in limine is, frankly, the very vehicle the 219E was put in place to address. There has to be a consequence for litigating your case in the manner in which it was litigated here and then taking a voluntary dismissal without consequence. If you look at the inverse of that, Judge, frankly, it would be patently unfair to put any litigant through that kind of cost, that kind of turmoil, that kind of litigation angst, and then simply allow someone who received an adverse ruling to dismiss that case without consequence. The alternative would be to go forward with a ruling that, as you said, has been blown apart. And then you have a case on appeal regarding the substance of the case, Your Honor. Should you lose a trial because you believe your case has been scotched by a pretrial ruling, then the case at least goes through the consequence and the time of a trial, and you have all those issues available to you to be addressed on appeal. To do so in the vehicle of a voluntary dismissal without consequence and then to refile and, frankly, hope for a better thing that 219E was designed to prohibit, to prevent. You might be right on the refiling issue, but I don't, that didn't happen here. We don't really know whether. It has not happened yet, and that's why we're here before you, Your Honor, so as to prevent that without consequence. Justice Brennan, I'm sorry I interrupted you. No, that's, I appreciate that, Your Honor. Thank you. I think it's interesting to note that the trial court, I think Judge Braun felt particularly constrained by the fact that this appellate court had not provided him with the vehicle he needed to award expenses pursuant to Rule 219E or at least to consider that award because only the First Circuit has really addressed this issue, 219 issue, in some form of detail as is evident from our papers where you look at the Jones and the Valdobinos cases. Mr. Smith, let me stop you for a moment. I'm going to quote your brief. You said, the court is required to review the correctness of the trial court's result rather than the correctness of its reasoning. So, if we are going to only review the result and disregard the reasoning, doesn't that impact your whole issue of the standard of review being de novo? No, Your Honor, I don't think it does, and here's why. I think the result itself is Judge Braun's statement, I'm without a vehicle to award expenses under 219. That was his result. It is that result which we are asking this court to review. That's the result, but I think it's fair, Your Honor, to look at Judge Braun's reasoning and words he used before he reached that conclusion, which evident his constraint in finding that he was able, as a matter of law, to award expenses or costs to Greif under 219e. The integrity of the judicial system, frankly, cannot condone. I'm sorry. I'm sorry. I thought I heard something. The integrity of the and I'll take my ball and go home approach to litigating cases, and there's no discovery misconduct requirement in Rule 219 itself. The language is written does not offer guidance on what orders are or applicable rules are, and that's why courts which have reviewed 219e look to the committee comments for guidance, and the committee comments indicate that 219e prohibits a party from voluntary dismissing a case to avoid the consequence of compliance with discovery rules or deadlines or to avoid the consequences of discovery failures or orders barring witnesses or evidence, and, Justice Anderson, that's exactly, I think, relevant to the question that you raised earlier here. As I know, let me just ask a question. Doesn't Judge Braun's conclusion that there were no discovery violations or attempts to avoid discovery rules or orders, doesn't that distinguish Jones and make any reliance on Jones problematic? I don't believe it does, Justice Brennan, and here's why. In the court, openly determined that it would not permit an expert witness to come in and testify. It had not even issued a ruling yet in that case, and in response to the statements made in open court by the trial judge in that case, the plaintiff dismissed the case, voluntarily dismissed his case, and then a Rule 219 hearing was held regarding the expenses associated with that, and over $180,000 in costs and expenses were awarded to the defendant in that case. Here we have an actual ruling. In Jones, we have no ruling, and we had a dismissal taken by the plaintiff in Jones. Here we have actual rulings which compelled Mr. Coughlin to dismiss the case on behalf of his client and to do so saying that the rulings, quote-unquote, scotched his case. But none of the rulings... I'm sorry, Justice Brennan, go ahead. Just really quickly, none of the rulings related to discovery violations or discovery orders though, correct? I think, frankly, in all due respect to Judge Braun, the conclusion that the plaintiff had not engaged in any discovery misconduct is also incorrect. I think there was discovery misconduct as evidenced by the nature, the substance of the motions in Lemonade that he addressed and ruled in favor of Grife on. I think those indicate that there was discovery misconduct at the trial court below. So, my point was is that... So, you're taking the committee comments to Rule 219E and taking a different parse from the actual rule which says that to avoid compliance with discovery deadlines. And we have a judge who says there was no issue with discovery. And so, we're going to ignore the rule and we're going to go right to the committee comments and tag on to the committee comments, correct? I don't think in due respect that's ignoring the rule, Justice Davenport. I think it's acknowledging that the rule itself is ambiguous which compelled this court to review the committee comments for guidance like the courts did in Jones and Valadinos. Well, let me ask you one other question then. I'm going to ask you on page 15 of your brief, you cite Simmons and Simmons and Campion, an opinion that came out of this court for the proposition that we can quote, affirm and reverse the trial court's ruling on any basis supported by the record. Would you agree that this is a mischaracterization of Simmons? It does not say that. It does not say reverse and affirm. It only says affirm. Do you acknowledge that that is a mischaracterization of this court's order? I frankly would have to reread Simmons to answer that question, Your Honor. Okay. I can't make that affirmation in court and say that with any degree of competence. Okay. Mr. Smith. Yes, sir. Obviously, this is a case involving compliance with the Supreme Court rules. You're bringing this, the case or the appeal claiming that there are violations of the Supreme Court rules. When I look at rule 341H6, it says that a brief should contain facts necessary to an understanding of the case stated accurately and fairly without argument or comment. I think it's a little questionable whether you complied with that, but I will go on and point out that you've cited unpublished cases from 2013, which is unquestionably a violation of Rule 23. So I'm a little perplexed as to how you're prosecuting this appeal against the other side for rule violations when it doesn't appear to me that you've complied with the rule. In terms of the first part of your statement, I respectfully disagree with that. I think we did comply with the rule. That's fine. I'll leave that part open to argument. In response to the second question, the only reason we cited to the unpublished opinion is because it was cited by the trial court in its opinion below. Well, the rule doesn't prohibit the court from citing or discussing a Rule 23 case. It prohibits parties from doing it. Yes, Your Honor. We understand and to the extent that we did violate that, I would say that's a technical violation and we only addressed that particular case because it was addressed by the court below. I take responsibility and apologize. Fair enough. I don't have any other questions. I just wanted to point out for the record that I have the same last name as the plaintiff, but we are not related. Thank you, Your Honor. I would simply point out that I see that my time is running short and I'll address some of the other issues on rebuttal, but what I do want to address is this. The trial court did conclude correctly that the plaintiff's voluntary dismissal was an abusive process which undermines confidence in the court systems. I would point out also that Rule 219E was designed to address that very issue. I would respectfully ask that this court remand this case to the trial court for an appropriate award of expenses based on the language of the rule itself, the committee comments to the rule, every case law that has interpreted that rule, and allow this court to carry the message that this court will not allow a voluntary dismissal to be used as a no consequences bailout, if you will, to a disgruntled litigant unhappy with the pretrial orders of the court. Thank you. Any additional questions for Mr. Smith? I'm sorry, I have one more. Mr. Smith, if I go along with your theory of the case, if in fact this was an effort to do an end run around motions in lemonade and Mr. Coughlin's client should be punished by paying fees or what have you because he's going to just refile the case, is it more appropriate to wait until he tries to refile the case before that's addressed or is it more appropriate to address it now? That's certainly one of the discretionary issues that the trial court could impose. Say for example, Justice Anderson, that the trial court found that expenses and costs were appropriate in this case. I think the trial court would also have the discretion to determine when, if ever, those expenses and costs would be made payable. Thank you. All right, Mr. Smith, thank you. You'll have an opportunity in reply. Mr. Coughlin. Thank you. Good morning, Justices, Mr. Smith. My name is Paul Coughlin and I represent the appellee, Tavion Anderson. I think it's pretty clear from Mr. Smith's argument that he feels contempt for the fact that Illinois law allows a plaintiff one right to voluntary non-suit their case with leave to refile. That seems to me to be the crux of their appeal because it certainly isn't based on the facts and it certainly isn't based on the law and it certainly isn't subject to a de novo review. We had a hearing before Judge Braun on the merits, which honestly, I didn't think it was necessary, but at this point, I'm kind of glad we did because at the very minimum, what we have before the justices this morning is a determination made by a trial court on a mixed question of law and fact. That is what we have at a minimum, plus the cases that I cited that show that a denial of sanctions is discretionary. You don't have to award sanctions, even if they're appropriate. Let me stop you, Mr. Coughlin. You consistently refer to them as sanctions and under 219, it's an expense, not a sanction. That's C versus E. Thank you, Justice Davenport. I stand corrected. Would you agree, though, Mr. Coughlin? I'm just curious. Judge Braun was very specific that given his assessment that there was not a discovery violation or an attempt to evade a discovery order, he had no discretion under 219 to impose these expenses. To that extent, isn't it fair to say he made a legal decision that he could not exercise discretion? Why wouldn't that be a fair read of what happened procedurally? Because in order for there to be a question of law here, in my opinion, Justice, there would have to be some ambiguity with the statute. It's clear that it says related to discovery violations. To me, it's about as ambiguous as who's buried in Grant's tomb, Grant. Then he found there was no discovery violation, which is not surprising. Like some of these other cases, we could envision a situation where discovery ends right at the time the trial is starting, and there could be a bleed over. You certainly could envision a situation where a motion in limine could potentially relate to a discovery order. However, here, the discovery was closed at least six months. There was never any claim there was any type of outstanding discovery order or plaintiff didn't comply with something, or for that matter, defendant didn't comply with discovery. Motions in limine, as you know, they're non-final orders. I have a duty to continue to oppose the motions in limine and try and persuade the trial court that they need to revisit that initial preliminary ruling and rule differently during the trial. That's why you can't appeal a motion in limine. It's a non-final order. Any way you slice it, I don't see them having standing even to get any relief here, because for one, it's discretionary. Two, these are all non-final orders. They have nothing to do with discovery. To me, it seems to me this is a thrown-up flack around using the exercise of the non-suit. That's how I perceive this. They want to make it difficult. If they put every plaintiff through this and then file their appeal, file a request for sanctions on every single case, they might make an inroad into taking away a plaintiff's right to a voluntary non-suit by making it, as a practical matter, difficult to exercise the right. If you can't exercise the right, after a while, it doesn't exist anymore. That's what's going on here. This appeal, this is not a de novo appeal. We had a hearing. We took evidence. We took testimony. At the very, minimum, this was a mixed question of law and fact, subject to a different standard of review that they never argued. They never argued. They put in their brief that the only issue is the issue of the question of law, so they've waived. They have waived the one issue that they could have brought in this court. They've waived it. They've waived it. I don't think this court needs to get past the issue of the standard of review, because if you get to that issue, you agree with the appellee that it's not a de novo review. The appellant hasn't raised any other argument other than de novo. You're alleging it was forfeited, not waived, correct? It was forfeited, correct. They forfeited that argument. To me, legally speaking, I think this is pretty easy to dispose of. The one issue that they could have raised was not raised, and that's it. I think it's pretty straightforward. I also want to set the record straight. I read in the reply brief, I was curious to read that the case of Illini Aviation that I relied heavily on, according to the appellant, that case was reversed. It's funny, because I don't remember seeing that. Usually, when cases are reversed, it shows up in red on my screen. Then I looked further, and the site to the location where the case was reversed was two appellate court cases, not an Illinois Supreme Court case. I think I knew even when I was in high school that one district of the appellate court can't reverse a district. It's possible it wasn't followed. I went and I looked at the case, and the case that I'm referring to, Weiheimer v. UNR, it does discuss a case that was in front of the Illinois Supreme Court, Barth v. Reagan, which can be found at 139 Hill 2nd, 399. If you look at Barth, you'll see that Illini Aviation, first of all, totally unrelated reason I cited. I cited Illini Aviation for the notation that Rule 219 deals only with discovery violations. That wasn't the proposition that was discussed in the subsequent history. The subsequent history dealt with whether or not disclosing an expert during a trial within 90 days of ascertaining his opinion didn't violate Rule 220. Not 219, but 220, then one rule over. In Barth, the Supreme Court said that they didn't have to reach the issue of whether or not Illini Aviation was good law or not, because in that case, Illini Aviation, the expert was disclosed within 90 days, and it would have been a violation anyway. So they specifically put in there that they never reached that issue. So that's not true. And then also, they also have said that when I pointed out that in my brief, that Judge Braun, also in addition to the motion in limine, said that the plaintiff may very, speculated that the plaintiff may very well have moved for dismissal based on other grounds, including the fact that perhaps I wanted a different trial judge, they said that I didn't cite the record on that proposition. That also is false. If you look at page 20 of my brief, you'll see that I cited the record more specifically at page 3256 when I made that argument. So again, you know, Mr. Coughlin, are you saying that that was dicta that we're required to ignore? The statement about the speculation? I absolutely think it is, Judge, and here's why. The only finding of fact that the trial court needed to make was whether or not this was a violation of the rule, whether or not this was a dismissal done to avoid compliance with a discovery order. The actual reasons, in addition to being privileged, were not relevant, not relevant at all, okay? And if the judge speculated on other things, you know, the judge admitted that I wasn't required to tell him why we were dismissing. So how can you have findings on something where the finder of fact admits that one side doesn't have to even comment on it and can keep the actual reason to themself? So, you know, clearly that's dicta. Clearly that's dicta. That's almost the definition of dicta, is commenting on something that's privileged, okay? That, to me, that's way up at the top of my list. When you think of the top three reasons why something that would be dicta, that might be one of the top three right there. So, I think it's pretty clear. Okay, Mr. Coughlin, let me ask you this. Do, we do have a number of cases that have disagreed with you and concluded that the rule itself is ambiguous. And if the rule is ambiguous, then obviously we look to things like legislative history, or in this case, more to the point, the committee comments. Do the committee comments, assuming that we are going to look to them for guidance, do they hurt your position? I don't think so. Absolutely not. Again, the line of demarcation here between the end of Discovery and the beginning of the rulings on the motions in Lemony was at least six to eight months. I mean, there's no bleed over here. There's nothing, there's nothing, this is nothing more than a collateral attack on the right to voluntary non-suit, number one. And number two, again, it was never established. I prevailed on many of those motions in Lemony. This appeal is based upon appellant's speculation and nothing more, their speculation as to what's going on in my head and in my client's head, as to why, what motivated us to file for non-suit, when in reality, they don't know the answer. The answer is privileged. The answer was never given. The judge looked at whether or not we tried to avoid compliance with Discovery and correctly, correctly, after a hearing, after an evidentiary hearing, said there was no violation. To be blunt, even if you have the worst motives known to man, as far as Mr. Smith's concerned, for why you want a non-suit and redo this all in front of a more favorable forum or more favorable judge, your position is that 219 does not speak to that in any way, shape or form. The only way you get expenses is if your decision is promised upon or is based upon a Discovery violation or an attempt to avoid a Discovery order. Correct. And that's based upon, again, all this, all the reasoning and what other might, any other motivation, your position is, is completely irrelevant. It is. In fact, the law is clear. A judge has no discretion to deny a motion to non-suit. Well, no, we all agree with that. The question is, can he impose expenses? Yes. Well, again, there's no relationship here to any Discovery violation. I understand defendants' contempt for the right to file a voluntary non-suit. However, that's plaintiff's right to file a voluntary non-suit. That's all that happened here, plain and simple. And the rest of this is, in my opinion, an unnecessary attempt to try and make a voluntary non-suit more difficult. I'm sorry. I do have one other question. What do you say to the appellant's argument that the exclusion of one of your expert witnesses entirely and limiting the scope of the other two did relate to Discovery in a general sense? Do you agree or disagree with that? Totally disagree. Okay. Totally disagree. That was evidentiary ruling. If that relates to Discovery, then anything and everything could relate to Discovery. Discovery is clear. If you violated Rule 213, you didn't disclose the guy on time or whatever, we all know what that is. But almost every single case, the parties challenge the other side's expert and try to limit all of their opinions, some of their opinions. So, if that is tantamount to a Discovery violation when you have a preliminary ruling on a motion, that's the same thing as saying that this rule applies to all motions and limiting them, which is, of course, what they're trying to do. Some challenges to experts are premised upon Discovery violations, time, things like that, right? The fact that it's being ruled on in the I was very, I thought, very specific to make sure. I'm not saying you're, I'm just asking. I said I can envision a situation where a motion and limiting could be related to a Discovery violation. I can see the point. However, that's not what happened here. That is not what happened here. Thank you. Unless there's any other questions any of the other justices have, that's all I have. Nothing further, Justice Brennan. Thank you. All right, Mr. Cogman, thank you. Mr. Smith, reply. Yes, thank you, Your Honor. Very briefly, I would just point out that in the trial court, Plaintiff filed seven motions and Lemonet lost all seven. He lost 11 of 14 of Griff's motions and Lemonet. The motivation for his dismissal is replete by his own statements in the record. And he said it out loud, barring evidence and witnesses, eviscerated his case. And that implicates 219E. I would also point out the case of Illini, the Illini case that Mr. Cogman said we misquoted or mischaracterized. We said it was abrogated, which is, that is exactly what we said. No longer considered good law according to the Weiheimer case. And insofar as the timing and issues and the right to refile, the trial court can impose and make a payment due upon refiling if it so chooses. That's in its discretion. And I would point out, lastly, that the non-suit issue here is not what is at issue before this court. It is Rule 219. And Rule 219's title is not limited to discovery. It says, consequences of refusal to comply with rules or order relating to discovery or pretrial conferences. There's nothing in the language of 219 which places that kind of a strict limitation upon its interpretation or what a trial court may do in response to the dismissal, the voluntary dismissal of a case such as one taken here after five years of protracted litigation. Unless there's any other questions, I respectfully urge the court to remand this case for further proceedings consistent with our arguments. No further questions, Justice Brennan. No questions. All right. The court thanks both sides for spirited discussion. We're going to take the matter under advisement and issue a decision in due course. And court is adjourned until the next oral argument. And we thank you both very much. Thank you, Your Honor.